*WALKER* vs. *DUNBAR.*

APPEAL from the eighth judicial district.

MATHEWS J. delivered the opinion of the court. This is an hypothecary action, in which the defendant is sued as a third possessor of a house and lot, which is alleged to be mortgaged to secure the payment of the money claimed by the suit. The defendant pleaded several exceptions to the manner of instituting the action: 1st, That the petition contained no proper allegation that the person who lived in the house was a third possessor. 2d, That an hypothecary action cannot be maintained against a third possessor without an allegation of ownership in him, &c.

These exceptions were sustained by the district court and judgment of nonsuit pronounced, from which the plaintiff appealed.

According to our code of prac. an hypothecary action is a real action—art. 61 ; and by the 41st article this species of action lies against a possessor of immoveable property, where the plaintiff claims the ownership or the possession, or the exercise of some immoveable right on property thus possessed. The right of mortgage is so strongly attached to the thing mort-

Eastern Dist.
*April,* 1828.

Plaintiff in hypothecary action need not allege ownership in defendant : allegation of possession suffices.

gaged, that it may as emphatically be conside-red an immoveable right, as any other which can be imagined to exist on real property.— We are, therefore, of opinion, that the second exception was erroneously sustained, nor do we believe the first should have been support-ed. The defendant, in one part of the peti-tion, is described as living in the house as a merchant: in another place, there is an allega-tion that the note on which the suit is founded was given for the price of the house possessed by the defendant. Perhaps either of these clauses would be, in itself, sufficiently descrip-tive of the appellee as a third possessor, but taken together, they leave no doubt of the cha-racter in which he is sued.

It is therefore ordered, adjudged, and de-creed, that the judgment of the district court be avoided, reversed and annulled; and that the cause be remanded to said court to be tried on its merits, &c.; the appellee to pay costs.

*Slidell* and *Saunders* for the plaintiff.